Thank you, Your Honor. May it please the Court, Brian Wade on behalf of Ariff and Shirose Gulamani, appellants, I'd like to reserve three minutes for rebuttal. At the conclusion of my argument, Your Honor, I ask that you either reverse the trial court judgment and remand the matter for appropriate proceedings in the trial court or that you vacate the trial court judgment and certify appropriate issues to the Washington Supreme Court. I hope to talk in the limited time available about the relationship between the Gulamani's legal malpractice claim and UIM benefits. Secondly, the legally entitled clause or the statute of limitations, if you will, the all reasonable efforts issue raised by Unitrin rests due to caught on certification. That's a long list to cover. Let me begin with the relationship of legal malpractice claims to UIM benefits. And I do this because our firm primarily represents clients in legal malpractice claims against their former employers. My understanding is that the amount that was recovered from the legal malpractice claim was for the 100,000 of the insurance policy and that what you're looking for on UIM is over that. Yes. I'm sorry. I'm having trouble. And nothing else matters. You're not looking for that $100,000 of living worth? Oh, of course not. No. And if you, in the record, I mean, that was pretty thin and demonstrating and suggesting that there is anything over the We'll get to that in a moment, Your Honor. But let me point out, you're asking me, what are we asking for? The point I'm trying to make on this issue is that in a legal malpractice claim, the plaintiff can only recover damages approximately caused by the attorney's negligence. And so in the case here, a failure to file within the statute of limitations may not even have damages if the client has an alternative remedy. And that citation, which would be new to you, I think, is for mal and legal malpractice, Section 33, 38, 2020 edition. Thus, even if Gary Gosanko had missed the statute of limitations on the negligence claim, rule of bodies could never have recovered more damages from Mr. Gosanko than the lost tort claim against the tortfeasor. Can you address the race to the foundation? Because I guess I'm concerned as to why these this claim wasn't wasn't brought in the first lawsuit where you did bring a counterclaim for damages. Maybe you can address that. I didn't hear the first part of your question, Your Honor. Can you address the race judicata issue? Oh, certainly. Certainly. I was planning to do that in a minute. But I really want to come back to the all reasonable effort. Does the court really want to encourage insurance companies to file declaratory judgment actions over small amounts like PIP coverage with the prospect that the insurance company can then bar all potential claims against the insurer by settling the declaratory judgment act? Here, Unikrin filed two separate declaratory judgment acts. Well, there's a fault for that, which is that you filed a counterclaim. Because it's a counterclaim, it's as if you were filing an initial lawsuit and you had to join all related actions. I mean, I gather you're not, you're agreeing that if you had filed this lawsuit in the first place, and you filed on the PIP, you would have had to include the insurance motorist because it was the same accident and the same insurance company and so on, right? If we had filed this lawsuit and included PIP claims, yes, we could have done that. But if you didn't, it would be race judicata. I would say in that instance, you're probably right. But that's what the counterclaim is, is the problem. In other words, yes, it's true. You didn't have to file a counterclaim at all because of the limitations on declaratory judgment. So unless there's a Washington State reason you had to. And your honor, when you look at those counterclaims, you will find that they only relate to PIP benefit. The only issue, and if I could just finish, the only issue in that declaratory judgment action was independent medical exams at the insurer's request. That was the only issue. And the counterclaims were related solely to PIP. And when you look at the release, your honor, which was negotiated among counselories, the release only covers claims known and unknown in regard to claims for personal injury protection benefits. That the only thing that the parties litigated in that case. Now, in addition to that, under Washington law, your honor, and we addressed this in footnote six, page 17 of our opening brief. Under Washington law, the counterclaim, the claims in this case were not barred because they were not the same cause of action. They were not the same subject matter, and they were not the same quality of person. Is there anything that prevented you from seeking the UIM benefits in the first case? Yes. We didn't know that there was a UIM claim. UIM claims, you don't just pop them out. You have to know about the amount of insurance involved and everything, and we were still trying to get that, which I guess I'll try to jump to next. Well, but no, can you, you said just a moment ago that you think the claims are not, I'm not sure I understand your position on whether this claim in fact arises out of the same transaction or occurrence as the, whether the claim you are bringing now in fact arises out of the same transaction or occurrence as the claims in the prior action. In answer to the Burzon, I thought you said yes, but now you've said no. So what is your view on that? That's not the law in Washington, Your Honor. What's not the law in Washington? They have to be the same cause of action. They have to, and this is again, page 17, note six. But when I asked you whether or not, if you had brought the case in the first place, it would have been raised to you to cut it if you didn't join the UIM claim, you said yes. No, you said PIP claim, Your Honor. You asked me about joining a PIP claim, and that gets to splitting causes of action, which is, you know, the question here, I suppose you could phrase it in terms of mandatory counterclaims. Let's forget that. Let's take my hypothetical. There was no declaratory judgment action. You filed a damages action on the PIP claim, right? Then five years later, some number of years later, you tried to file an affirmative action on the UIM claim. Can you do that? I don't know. I don't know the answer to that, but I would tell you, I would suggest more than slightly strongly that the presence of the declaratory judgment action changes your hypothetical to the situation we have here. Your Honors, I do want to move on to the origin. Do you understand that this law under Washington law is so limiting the counterclaims in declaratory judgment actions, or is it just a vacuum? In other words, is there a case against you, is there a case for you, or is it just nothing? In a declaratory judgment action? Declaratory judgment action with regard to a counterclaim. Assuming the answer to my question, which is that if this was an original, you filed case, you would have had to join in an arbitration. Your Honor, I'm really having trouble understanding your type of question. Well, I'm sorry. I'm sorry. Yeah, me too. Okay. Is there any case law under Washington law with regard to whether there's race judicata that arises from outside of the declaratory judgment action? No, inside the declaratory judgment action. If you file a counterclaim for damages on the issue that was raised in declaratory judgment, but not on other issues that would otherwise be out of the same transaction. Is there any case? I know of no authority other than we did cite a recent case, but that's because the statute pertaining to all other relief, I believe, comes into play at that point, which we have in our appendix. Your Honor, I really want to... I only have a couple minutes left here. Thank you. I really want to move on to this all reasonable efforts issue. And the reason because that's an issue the trial court did not rule on. And as I prepared for this oral argument, I was really troubled by the, as your Honor says, the skinny record. This is what I found. Unitrin did not raise that argument in its summary judgment motion. In its reply in support of summary judgment, it includes one paragraph on page 12 of its reply, which cites no authority, but simply says that the Gulamanes had not done whatever is necessary to enable Unitrin to exercise its subrogation rights. Well, the answer to that is quite easy. Unitrin could have exercised its subrogation rights independently. So that was then the issue then. Unitrin squandered its subrogation rights, but in this court, Unitrin's making a completely different argument that was not presented to the district court and was not ruled upon by the district court. Here, they say that they didn't use reasonable efforts to establish the limits of Mr. Bulyanov's liability coverage. When the court posed that, the questions, you know, Judge Zille posed some additional questions to the parties. And when he did, there's no reference to that issue. That's excerpts 10 and 11. And the court didn't ask about that issue. And the reason it didn't, it hadn't been presented with that issue. This court shouldn't reach that issue either. But nevertheless, yesterday, over the weekend, as I was preparing for this argument, I went back to figure out why is the record missing certain things? Shame on me. Because we did take additional steps to track down Mr. Bulyanov, track down his insurer, subpoena him for a deposition. He filed a motion to quash under oath in the state court. And then he refused to appear for deposition. We filed those with the court yesterday as a request for judicial notice. And my apologies to the court not getting them to you sooner. I recognize they were not submitted to the district court. However, the issue for which they are submitted was not submitted to district court either. And so the court should not decide that issue. The other issue has to do with the legally entitled to recover issue and the statute of limitations related to that. I don't know how Mr. Myers will reconcile the Stayon and the Barkham 2 cases. But the Barkham 2 case is the most recent Washington Supreme Court decision on this issue. And it directly rejects the Stayon opinion and theoretical approach, which is what Judge Zille relied upon. So it's a six year statute. Barkham 2 says this legally entitled language cannot change the statute. And that is specifically in the context of UIM. Your Honor, let me reserve the rest of my time for rebuttal with one exception. There is a case that directly presents the issue that is a case that Judge Zille's analysis would reject and not allow to report. And it's a case actually cited by Unitran, Shoemake v. Ferrer, 168 Washington 2nd. It's a 2010 case. If that case were before Judge Zille, he would have to have ruled that the statute of limitations barred that brain injured lady UIM claim. So thank you so much, Your Honor. And I look forward to a moment for rebuttal. Thank you. You're on mute, Mr. Myers. I apologize, Your Honors. I'm Bob Myers. I'm appearing today on behalf of Unitran Auto and Home Insurance Company. I have some prepared remarks, but in light of the dialogue that you just had with Mr. Wade, I'd be happy to answer any questions that you have for me. Particularly in relation to the questions that you had for Mr. Wade, or shall I just proceed? Well, is it your position, I mean, your client filed a declaratory judgment action, and here they then counterclaim. Is it your position that in that circumstance, the plaintiffs here were just required to bring all these claims to UIM, if basically everything relating to this accident at that point? That's absolutely our position, Your Honor, yes. Is that a proper declaratory judgment mechanism? I mean, it seems to you... The forum and you've chosen the time and place of the case. That is true, Your Honor. We chose the forum. We chose the time and place of the case. We did not choose plaintiff's counterclaims, which exceeded the scope of the issues that we raised in the declaratory judgment action. The declaratory judgment simply sought a ruling about the party's respective rights and obligations with respect to an independent medical examination. And lo and behold, once we get into state court, they counterclaim with a series of causes of action that exceed the scope or the narrow scope of our declaratory judgment action to include breach of contract, violation of the Consumer Protection Act, and bad faith, all in relation to the same accident, the same... If they had not counterclaimed, would you be here arguing this race to the point saying that they would have needed to counterclaim on PIP, on UIM, on everything at that time or else they're race to the pattern now? I do not envision that we would be... That we would have argued the rest to the point, but for the fact that they pled those particular counterclaims relating to the same insurance policy, accident, parties, evidence, and so forth. And the entry of a final judgment on those counterclaims, that's right. Frankly, it probably wouldn't have occurred to me, but for the fact that they asserted those counterclaims and pursued those counterclaims, including seeking discovery, they litigated those counterclaims for seven months. But weren't those compulsory counterclaims under Rule 13? I mean, didn't they... Did they really have a choice to just not bring any of this as a counterclaim? I have to say that, Your Honor, that's a great question. That's a question that I haven't considered. My working assumption was that they weren't compulsory because we filed a... And mind you, I was not the attorney representing Unitron in those proceedings, so I have a relatively limited background on those proceedings, other than what's in the record. But it was just the narrow issue initially as to whether Mr. Gulamani and similarly situated folks had to appear in a certain particular way for their independent medical examinations, and that was it. So I would not have thought that the counterclaims for bad faith, for breach of contract, and under the Consumer Protection Act would have been compulsory under those circumstances. So your friend on the other side seemed to suggest that at the time of the first case, at the time of the first counterclaims, this client was not able or could not have brought the UIM claims. I will confess I'm not sure why he's saying that, and I hope he'll address that on rebuttal, but what is your response to that? My response is that all of the evidence, all of the evidence that formed the basis of their counterclaims in the prior state action were available to them at all times. The documents that we produced in the prior state action comprised 885 out of 900 pages that they submitted to us with their notice of UIM claim, and they all predate... But the one thing that wasn't available, and is unique to the UIM claim, is information about the ability of the tort defendant to pay, right? Well, whether or not it was available, Your Honor, I would disagree with that. I don't think it was available. It was different evidence. So to that degree, there wasn't overlap. Well, let me put it this way. Of the 15 additional pages that they produced to us in the notice of UIM claim, it included these documents that purported to show the extent of Mr. Bulyanov's, the alleged tort feasor's, insurance. That's correct. That was not information that was addressed in discovery in the prior state action. All of that information would have been available to them. We have in the record from the prior state action, the police report. The police report from the original accident in September of 2013 that identified the subject, um, what was it? Safe-go policy. And it was just a matter of, at that point, trying to find out whether he had anything else. And he never showed unitron that he ever did that. And the documents that he submitted... I'm sorry, Your Honor. That's the first question I ask, Mr. Wade. Is there any case law, Washington law, regarding whether in response to a declaratory judgment, there's a counterclaim? Does the counterclaim have to go... I mean, I understand that you say that this counterclaim already went beyond the issues that were presented. But you're now asking me to go to a further beyond the issues. It just strikes me that to apply the race judicata rules as if this were an initial lawsuit is not necessarily in anybody's interest, including that of the insurance companies who bring the declaratory judgment. So is there Washington law doing that? Your Honor, frankly, I do not know one way or the other. And I've had I've not had occasion. It's a great question. I have not had occasion to look at that. I would be happy to... What do you mean you do not look at it? The question is, let's leave aside the piece that you well argue that this was already beyond. Yes. The declaratory judgment action has simply been on whether or not you owe them, you have to pay them on the fifth claim. And which is the ones we usually see, right? Do you or a defense claim or something like that? Yes. And so there's an issue that's in the declaratory judgment action and the UIM is not right. They then file a counterclaim for damages on the same issue that was raised. So they also have to do what they act as if they were buying the lawsuit in the first place and bring actions, bring related actions that would otherwise be race judicata or not. Is there Washington law on that? I'm unaware of Washington law on that other than just beyond the plain vanilla Washington law. And it would frankly, well, I guess it would have been Washington law on the Washington state court that just addresses the nature of compulsory counterclaims. So under your hypothetical, your honor, if we are talking about the state and I agree, it's the more standard and typical type of declaratory judgment action where you are seeking a judgment declaring that there is no coverage. And then all of a sudden all of these things are in play that then I think there would be a much stronger argument that the types of counterclaims that they asserted were compulsory. But here, that wasn't the case. The DJ, the declaratory judgment that was being sought related to a very narrow issue under a condition of the insurance policy, then particularly the examination under the independent medical examination condition, as opposed to a declaratory judgment seeking coverage. And then once they got the state court, they decided to fire back with all of these more financially substantive causes of action, if you will, your honor. What about the limitations period? The limitations period question. So I assume that you're referencing the stands in the shoes of the insured argument and whether they're legally entitled to recover? Well, yes, I mean, you say that they have to, um, yes, yes. Okay. Okay. Doesn't that completely undermine the whole role of unemployed insurance coverage? I mean, uncovered motorist coverage, that they don't have to bring those lawsuits? No, your honor. I think, I think that it is 100% consistent with the Washington underinsured motorist statute, which language is reflected in the underinsured motorist coverage of the policy, the policy language, which, um, and the statute both specify that the underinsured motorist coverage is required to cover, um, compensatory damages that the insured is legally entitled to recover from an alleged underinsured motorist. But if you include in that, are you, I mean, is your contention that he actually had to file the lawsuit? Um, or that simply because the time he'd run in a lawsuit, even though he didn't have to file it, he can't now, he can't now bring the unemployment insurance. It's, it's the latter, your honor. That's, that's our, that's our contention at all. I mean, if it wouldn't, if nothing different would have happened, uh, if he, if, if he had brought it within the time period, he didn't have to bring the lawsuit. Then why does he have to, why, why does it matter if the time is run? Whose interest is that? Um, it's not a matter of interest, your honor. It's a matter of the statute and the policy language with respect. Um, the, the interest rating legally entitled to include within the limitations period, even though it makes no sense. Yes. Well, um, I, I didn't, yeah, well, you know, your honor, I apologize that I didn't write the statute. The Washington legislature wrote the statute and it was enacted and, and our policy is required to, to afford the coverage that is mandated by statute, which it does. And, and it's interpreted in such a way consistently with zero daylight. That the time issue goes along with the legally entitled, which isn't self-confident. I mean, he was at some point legally entitled and, um, he is, um, still legally entitled as every other case applies it, as I understand it, which is, um, but substantively legally entitled. I mean, he was in the main case, for example, that the person was immune, so you couldn't sue him. Um, but this is nothing like that. And the one thing you don't have to do to get unemployed. I'm saying bring the lawsuit. I mean, so if you agree, he doesn't have to bring the lawsuit, then what's the difference between the lawsuit? No, the, the, your, your honor, I guess, I guess maybe I'm splitting hairs and I'm listening to your question a bit too literally. I, I, I, my, my intent isn't to tell insureds how they have to pursue their personal injury claims against, uh, alleged underinsured motorists. That's for they need, they need to ensure, they need to ensure that their claims don't become time barred before they seek UIM insurance. Um, based on this, this language that, that, but, but during the period, they're not time barred. They don't have to bring the lawsuit during the period. Well, the, well, that's right, your honor. That's right. But, but then, but then, yeah. And, um, I, I guess I don't, I don't see the, the, the problem with it given that Washington courts have consistently declared that this language, this language, what it means is that the insured's rights against it's a UIM insurer are no greater than what its rights would have been against the underinsured tort fees. And on the flip side, um, the, the UIM insurer may seek to avail itself of any defenses that, that the underinsured motorist could have availed himself up. And he most certainly would have. And in fact, by default did avail himself of this statute of limitations defense. So, so, um, uh, I, I'm unaware. I think this court would be creating some new law if it carved out an exception here, it falls squarely into the fundamental purpose of the UIM statute, which is to protect, um, protect drivers against, um, under insured, uh, motorists to the extent that they, that, you know, they could have otherwise obtained the damages from the underinsured motorists had they been adequately insured. I'm sorry, I missed the first part of your question, your honor. Then your position is that he does have to file the lawsuit and discover that he knows that the person is, can't pay it. Well, well, in, in this, in this particular case, your honor, within a month of, of, uh, notifying the underinsured, the alleged underinsured motorists were disputing that, um, that the, the, um, Safeco, his primary insurer, they said, we're accepting liability. All he had to do is hand out his hand and he would have, he would have obtained this hundred, a hundred thousand bucks and he didn't. I'm sorry. He's not asking for that hundred thousand bucks. Exactly. Exactly. He's not asking for it. Or for, it doesn't matter that he didn't do that. Well, it, well, it, well, it does once they, once they let the statute of limitations expire, your honor, and then seek, then seek underinsured motorist coverages to, uh, two, two and a half years after the fact, all of a sudden... I am informed that his lawsuit is not seeking the $100,000 of the, of the, because he already got that from his attorney for, um, malpractice and he's not trying, and you say he's trying to double recover, but it's quite clear from his briefs and what he said today, he's not trying to double recover. Um, he is trying to get from the insurance company any damages he has over that $100,000. Now, as I said before, um, records he was pretty thin that there is any such thing, but still that's his position. He's not trying to get that hundred thousand dollars from, um, at all from you. So I don't see what your interest is in either the malpractice issue or the, um, limitations for it. He's not trying to get that hundred. Well, the, the, the position we're taking with respect to the malpractice settlement, your honor, is that it says it in the record, that this, this was, this was the maximum recovery they could get as a result of the blown statute of limitations, which our position means that once they, once that their prior attorney blew the statute, they also blew UIM coverage. So whatever they could have recovered as a result of that accident was gone and subsumed into the recovery from the malpractice lawsuit. And then they came in and it's the only evidence in the record, as far as I can tell, is that there, there's a declaration in there saying that the hundred thousand dollars was the most that we could prove was approximately caused as a result of the, uh, of the, um, the blown statute of limitations that would include our UIM coverage. So our position just fundamentally is they can't, they can't seek more than a full recovery. The evidence is that they've obtained a full recovery. That, that's our position with respect to that particular issue. Thank you for your time. Thank you very much. You're muted. Okay. You're right. No, I'm, I'm not on mute. We can hear you now. Okay. Uh, uh, I think I may have been muted by the courtroom. Uh, okay. It relative to this issue, judge breast raised about, uh, uh, compulsory counterclaims. A UIM claim does not accrue under Washington law until after the insurer denies coverage of the UIM claim. Thus the UIM claim of the Gula Manis against Unitran had not accrued. That's RCW 4.16.005. Now Unitran's position is that when Mr. Gusanko, Gary Gusanko, uh, blew the statute of limitations on the court claim, he also blew the statute of limitations on the UIM claim. That's a huge change in Washington law. Huge. Can you go back to the cool point though? Because I, I guess what I don't understand is why there weren't enough facts of which your client was aware at that point in time that having elected to bring these counterclaims, you couldn't have also set the table to then be able to bring the UIM claims. During the period of time when the, uh, PIP lawsuit was pending, the UIM claim had not accrued. Can I ask, I just looked at, I'm looking at, uh, RCW 4.16.005. Yes, Your Honor. And that's the generic statute about that you can only bring a cause of action once it's accrued. Did you have anything that specifically addresses when a UIM claim accrues? Yes, it's in our, it's in our opening brief, Your Honor. Uh, uh, let me see if I have the page reference specifically for you. Um, let's see. Yes. Uh, Barkham and Schmidt, uh, Schwent page 19 opening brief that tells you exactly what Washington law is on that subject. So I, I hope that answers Judge Berzon's question also. Now, if I could step back a second, Your Honor, look at the big picture, the macro thing. Uh, these are really important issues. Uh, Judge Zille changed Washington law. If you read Barkham 2, the Barkham 2 case, that case, uh, would have been decided differently if Judge Zille and Unitron were correct. And they aren't. And in the trial court, Your Honors, we asked the trial court to certify these issues, uh, to the Washington Supreme Court, the trial court denied. Uh, I was particularly interested in Judge, uh, the opinion, uh, issued on November 23rd by this court in a case in which Judge Bress participated, the Benson case. And we submitted a notice of supplemental authority last Friday, uh, mentioning that case. And the reason that I mentioned that, Your Honors, is a Benson case. Uh, nobody in the trial court, so far as I can determine, I went back and read the trial court record. Nobody requested or suggested certification in the trial court. The issue of certification didn't come up until, uh, the opening brief in this court. It was an Judge Bress obviously knows the case a whole lot better than I do. Uh, and the court certified that issue to the Arizona Supreme Court. These are important issues. There are a lot, a lot of personal injury lawyers out there that are going to be risking malpractice exposure if there's a three-year statute applied to UIM claims in Washington. Thank you so much, Your Honors. Well, thank you very much. Um, thank you both for your argument. In the case of Kolamani v. Unitron Auto, the insurance company submitted them about the last case of the day, which is Isom v. Hopkins. And I should have mentioned, and I don't think I did at the first case, I did actually, that Dupo v. Vo was submitted on the first, uh, Isom case.
judges: Berzon, Miller, Bress